GLOBE SOAP CO. v. LOUISVILLE & N. RY.

1. PETITION IN ACTION INVOLVING GUARDIAN'S LEASE MUST SET OUT HIS AUTHORITY.
   In an action involving the validity of a lease executed by a guardian, the petition must set out by what authority he acted, and that his wards were disqualified by infancy, imbecility or otherwise.

2. COVENANT IN GUARDIAN'S LEASE GIVING OPTION AT END OF THREE YEARS IS INVALID.
   A covenant in a lease for three years executed by a guardian, granting an option on the premises for a further period will be invalid under the terms of Lan. R. L. 9836 (R. S. 6295).

3. TO BRING GUARDIAN'S LEASE WITHIN PURVIEW OF LAN. R. L. 9837 (R. S. 6296), PETITION MUST CONTAIN SUCH AVERMENTS.
   In order to bring a lease by a guardian within the purview of Lan. R. L. 9837 (R. S. 6296), authorizing a guardian to lease realty for a term of fifteen years under permission of the court appointing him, the petition must contain the necessary averments showing the requisite conditions and authority of the court.

DEMURRER to petition.

**Kittredge & Wilby** and **H. L. Gordon,** for plaintiff.

**E. G. Kinkead** and **H. K. Rogers,** for defendant.

GIFFEN, J.

This case was submitted upon a general demurrer to the petition and involves the validity of a lease executed by Fannie J. Dickson, Caroline T. Dickson, David J. Dickson and Fannie J. Dickson, guardian of Charles F. and Paul R. Dickson, heirs at law of Charles T. Dickson, deceased.

It does not appear by what authority the guardian acted, nor whether she was the guardian of the estate of Charles F. and Paul R. Dickson, nor does it appear that the two persons for whom she acted were disqualified by infancy, imbecility, or otherwise. The petition, therefore, fails to show any authority in the so-called guardian for the execution of a lease, and in the absence of such authority, her act would be a nullity.

Hamilton County.

The demurrer was argued however, not upon the ground that the power conferred upon her by statute, she exceeded such power.

Laning R. L. 9836 (R. S. 6295), provides as follows:

"A guardian of the person and estate, or of the estate only, of any minor may lease the real estate of his ward for any term not exceeding three years and not extending beyond the minority."

The lease in this case was for a period of three years, together with an option for " a further term of two and one-half years, three years, and three years, making in all a renewal of eight and one-half years."

It will be observed that the wards themselves do not sign the lease, and the question whether they could ratify an act done under disability, after such disability has been removed, does not arise in this case, and the only question is, whether the guardian as such had authority to make a lease for a longer period than three years, or, what amounts to the same thing, make a covenant to renew for a term of years after the three-year lease expired.

As appears from the briefs of counsel, the authorities are not uniform on the question here presented, but we think it comes within the principle announced in the case of *Knox Co. (Comrs.)* v. *Nichols*, 14 Ohio St. 260, the fourth proposition of the syllabus being as follows:

"Where a power created by statute has been fully executed and something not authorized by the statute has been added, but which is clearly distinguishable from the rightful execution, the execution of the power is good so far as authorized by the statute, and void only as to the excess."

In this case, the power to execute a lease for three years has been fully executed. the term having expired on December 31, 1904, but the covenant to renew the lease for a term of years is in excess of the power granted by the statute, and is therefore void.

It is contended, however, that the lease may have been executed under Lan. R. L. 9837 (R. S. 6296), which permits a guardian "to lease the real estate of his ward for any term not exceeding fifteen years whenever the court appointing him shall, on his application, * * * find that such lease will be to the advantage of the ward," etc., but in order to bring it within this section, the petition should contain the necessary averments showing the requisite conditions and the authority of the court.

We are of the opinion that the demurrer should be sustained upon both of the grounds above stated.

**Jelke** and **Swing, JJ.,** concur.